UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DELMER NAHUN DIAZ DIAZ,<br><br>Petitioner,<br><br>v.<br><br>RALPH MATTIVELO, Superintendent, Plymouth County Correctional Facility, PATRICIA HYDE, Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement, KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, and PAMELA BONDI, Attorney General of the United States, in their official capacities,<br><br>Respondents. | No. 1:25-cv-12226-JEK |

## MEMORANDUM AND ORDER ON
## PETITION FOR A WRIT OF HABEAS CORPUS

**KOBICK, J.**

Petitioner Delmer Nahun Diaz Diaz, a citizen of Honduras, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. After arriving in the United States in January 2010, Diaz Diaz was detained and subsequently released on a bond in January 2020 but is now in immigration detention again following his arrest without a warrant in July 2025. The government seeks dismissal of the pending habeas petition because, in its view, he has failed to exhaust his administrative remedies and is otherwise subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Concluding that waiver of exhaustion is warranted and his detention is governed by the discretionary detention framework of 8 U.S.C. § 1226(a) rather than Section 1225(b)(2)(A), the Court will grant this petition and order that Diaz Diaz be immediately released from detention, subject to the Immigration Judge's 2020 bond order.

## BACKGROUND

Diaz Diaz is a native and citizen of Honduras. ECF 1, ¶ 1; ECF 17, ¶ 6. On January 12, 2010, he entered the United States without admission or inspection. ECF 1, ¶¶ 1, 19; ECF 17, ¶ 6. Ten years later, on January 8, 2020, U.S. Immigration and Customs Enforcement ("ICE") officers encountered Diaz Diaz in Manchester, New Hampshire, arrested him, and detained him at Plymouth County House of Correction in Plymouth, Massachusetts. ECF 17, ¶ 7; ECF 1, ¶¶ 1, 19. That same day, the Department of Homeland Security issued Diaz Diaz a Notice to Appear charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).[1] *Id.* ¶ 8; *see* ECF 18-2.

On January 21, 2020, ICE filed the Notice to Appear in the Boston Immigration Court, which commenced standard removal proceedings against him under 8 U.S.C. § 1229a. *See* ECF 17, ¶ 8; *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020) (removal proceedings involve "an evidentiary hearing before an immigration judge" at which the noncitizen "may attempt to show that he or she should not be removed"). Six days later, following a custody redetermination (i.e., bond) hearing conducted under 8 U.S.C. § 1226,[2] that Immigration Court concluded that Diaz Diaz posed a flight risk and ordered that he be released from custody on a $7,500 bond. ECF 17, ¶ 9; ECF 1, ¶¶ 1, 19; *see* ECF 3; ECF 18-3. Since both parties waived appeal, ICE released him on bond that same day. ECF 17, ¶¶ 9-10. *see* ECF 3; ECF 18-3.

---

[1] Section 1182(a)(6)(A)(i) reads in full: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).

[2] 8 U.S.C. §§ 1225 and 1226 are the primary statutes that govern the detention of noncitizens pending removal proceedings. *See Gomes v. Hyde*, No. 25-cv-11571-JEK, 2025 WL 1869299, at *1-2 (D. Mass. July 7, 2025) (discussing Section 1225(b)'s mandatory detention scheme and Section 1226(a)'s discretionary detention framework). Whereas Section 1225(b) "authorizes the Government to detain certain aliens *seeking admission into the country*," Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphases added).

In March 2024, Diaz Diaz married a lawful permanent resident of the United States named Delmis Maldonado. ECF 1, ¶ 2. On May 31, 2024, Maldonado filed a Petition for Alien Relative (Form I-130) on behalf of Diaz Diaz with the United States Citizenship and Immigration Services ("USCIS"). *Id.* Based in part on that petition, the Lowell Immigration Court granted Diaz Diaz's motion to administratively close his removal proceedings over ICE's objection on July 2, 2024. ECF 17, ¶ 11; *see* ECF 18-4. USCIS approved the marriage-based visa petition on November 29, 2024. ECF 1, ¶¶ 2, 20; *see* ECF 3-1. On June 13, 2025, USCIS received Diaz Diaz's application for a provisional unlawful presence waiver (Form I-601A). ECF 1, ¶¶ 2, 20; *see* ECF 3-2.[3]

On July 16, 2025, ICE officers encountered Diaz Diaz in New Hampshire while he was on his way to work, revoked the bond, and arrested him without a warrant. ECF 1, ¶¶ 3, 21; ECF 17, ¶ 12; *see* ECF 18-5, at 2.[4] The Chelmsford Immigration Court granted ICE's motion to recalendar his removal proceedings and placed the case back on the active docket on August 1, 2025. ECF 17, ¶ 13; *see* ECF 18-6. Six days later, that Immigration Court held a custody redetermination hearing and denied Diaz Diaz's request for a bond on the ground that it lacked "jurisdiction over th[e] matter because [he] is in mandatory detention" under Section 1225 rather than Section 1226. ECF 18-7; *see* ECF 17, ¶ 14. As a result, Diaz Diaz remains detained at Plymouth County House of Correction in Plymouth, Massachusetts. ECF 1, ¶¶ 4, 10; ECF 17, ¶¶ 5, 12.

---

[3] This Form was developed to expedite the visa interview process by allowing applicants like Diaz Diaz, who are spouses of lawful permanent residents and "require a waiver of inadmissibility for unlawful presence[,] to apply for such a waiver in the U.S. before they depart for an immigrant visa interview at a U.S. embassy or consulate abroad." *Romero v. Barr*, 937 F.3d 282, 286 n.2 (4th Cir. 2019); *see* ECF 1, ¶ 20.

[4] In his declaration, ICE Assistant Field Office Director Keith Chan asserts that Diaz Diaz was "re-arrested . . . pursuant to 8 U.S.C. § 1225" and remains in ICE custody "pursuant to 8 U.S.C. § 1225." ECF 17-1, ¶¶ 5, 12, 14. The Court does not credit this assertion, which is in the nature of a legal conclusion, not a fact.

Diaz Diaz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court on August 8, 2025. ECF 1. The petition asserts that, by re-arresting and re-detaining him without a warrant or probable cause, the government has violated Diaz Diaz's rights under the Fourth Amendment and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 23-39. Among other relief, Diaz Diaz's petition seeks an order for his immediate release. *Id.* at 11. On August 22, 2025, the Court decided to resolve the petition based on the parties' written submissions without a hearing. ECF 22; *see* ECF 14, 19, 21.[5]

## DISCUSSION

The government acknowledges that this Court's decisions in *Gomes v. Hyde*, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) and *dos Santos v. Noem*, No. 25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025) "control the result in this case if the Court adheres to those decisions." ECF 21, at 2. Recognizing that the "principal legal issues in this case substantially overlap with those at issue in *Gomes* and *dos Santos*," the government contends that "[s]hould the Court apply the same reasoning of those cases here, it would reach the same result as the facts of those cases are materially indistinguishable from the facts presented in this case."

---

[5] According to the government's Local Rule 7.1(a)(2) certification, Diaz Diaz opposed cancellation of the August 25, 2025 hearing because he wished to address (1) his "'inadvertent' transfer," (2) medical treatment that he received without his consent, and (3) the government's continued "unconstitutional actions." ECF 21, at 5. The Court does not condone the government's violation of its August 8, 2025 order prohibiting Diaz Diaz's removal from this District without prior notice. But neither will it impose sanctions, because the government acknowledged and corrected its error by immediately transferring Diaz Diaz back to Massachusetts that same day after his "inadverten[t] transfe[r]" to a facility in New Hampshire. ECF 13, at 1; *see* ECF 6, 8, 12. The government further represents that it "is actively investigating [his] medical allegations and will provide [his] counsel with a response within days." ECF 21, at 5. Those allegations may or may not give rise to a claim that may be asserted in an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Garcia v. Spaulding*, 324 F. Supp. 3d 228, 232-33 (D. Mass. 2018). Such allegations are not part of his habeas petition, however, and this order releasing Diaz Daiz from detention affords him the appropriate relief requested in that petition.

*Id.* at 3. The Court agrees and will therefore reject the government's same arguments here and order that Diaz Diaz be immediately released from detention, subject to the Immigration Judge's 2020 bond order.

The government principally contends that this petition should be dismissed because Diaz Diaz is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[6] But as the government acknowledges in its brief, Diaz Diaz is similarly situated in all material respects to the petitioners in *Gomes* and *dos Santos*. In those cases, this Court rejected the government's identical argument and "conclude[d] that the plain text of Sections 1225 and 1226, together with the structure of the larger statutory scheme, indicates that Section 1225(b)(2) does not apply to noncitizens who are arrested on a warrant issued by the Attorney General while residing in the United States." *Gomes*, 2025 WL 1869299, at *7; *dos Santos*, 2025 WL 2370988, at *7.[7] For the same reasons articulated in *Gomes* and *dos Santos*, Diaz Diaz's detention is governed by Section 1226(a)'s discretionary framework, and he is not lawfully detained under Section 1225(b)(2)(A). *See Gomes*, 2025 WL 1869299, at *5-8; *dos Santos*, 2025 WL 2370988, at *6-8.

The government also argues that the petition should be dismissed because Diaz Diaz has not yet exhausted his administrative remedies by appealing the Immigration Judge's denial of his request for release on bond to the Board of Immigration Appeals ("BIA"). Since exhaustion, as the government recognizes, is not required by statute in this context, its exhaustion argument is measured against the "more permissive" common-law, rather than statutory, exhaustion standard,

---

[6] If an "immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," Section 1225(b)(2) requires that the noncitizen be detained for removal proceedings under Section 1229a. 8 U.S.C. § 1225(b)(2)(A).

[7] The Court does not address whether Diaz Diaz's arrest *without* a warrant in 2025 merits a different outcome, because the government did not raise this argument. Instead, the government affirmatively conceded that the facts in *Gomes* and *dos Santos* "are materially indistinguishable from the facts presented" here. ECF 21, at 3.

which "'cedes discretion to a [federal] court to decline the exercise of jurisdiction.'" *Brito v. Garland*, 22 F.4th 240, 255-56 (1st Cir. 2021) (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 174 (1st Cir. 2016)); *see* ECF 14, at 7. While the exhaustion doctrine often "'serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency,'" there are "'circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion.'" *Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 77 (1st Cir. 1997) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145-46 (1992)). The government "recognize[s] that this Court previously found that exhaustion was not required where a Petitioner may remain in detention while awaiting a decision on their appeal to the BIA," ECF 14, at 10 (citing *Gomes*, 2025 WL 1869299, at *4-5), and that this exhaustion determination "control[s] the result in this case," ECF 21, at 2. The Court concurs and thus concludes, for the same reasons explained in *Gomes* and *dos Santos*, that waiver of the exhaustion requirement is warranted. *See Gomes*, 2025 WL 1869299, at *4-5; *dos Santos*, 2025 WL 2370988, at *4-6.

## CONCLUSION AND ORDER

For the foregoing reasons, Diaz Diaz's petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF 1, is GRANTED. The respondents are ORDERED to release Diaz Diaz from the custody of U.S. Immigration and Customs Enforcement within 48 hours of the entry of this Memorandum and Order, subject to the Immigration Judge's January 27, 2020 bond order. *See* ECF 3; ECF 18-3. The respondents are further ORDERED to file a status report on or before August 29, 2025, confirming that Diaz Diaz has been released from custody.

SO ORDERED.

Dated: August 27, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE